**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| JESUS DANIEL CASTANEDA GRAJEDA, | No. 23-228 |
| Petitioner, | Agency No. A205-315-476 |
| v. | MEMORANDUM[*] |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2025[**]
Pasadena, California

Before: OWENS, BENNETT, and H.A. THOMAS, Circuit Judges.

Jesus Daniel Castaneda Grajeda ("Castaneda"), a native and citizen of

Mexico, appeals from the Board of Immigration Appeals' ("BIA") decision

dismissing his appeal from the immigration judge's ("IJ") decision denying his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

application for cancellation of removal.  As the parties are familiar with the facts, we do not recount them here.  We deny the petition.

1.  Castaneda challenges the BIA's finding that he was ineligible for cancellation of removal because he failed to establish the required "exceptional and extremely unusual hardship" to a qualifying relative.  8 U.S.C. § 1229b(b)(1)(D).  The Supreme Court recently held that "the application of the exceptional and extremely unusual hardship standard to a given set of facts is reviewable as a question of law under [8 U.S.C.] § 1252(a)(2)(D)."  *Wilkinson v. Garland*, 601 U.S. 209, 217 (2024).  Our review of the BIA's hardship determination is "deferential" because it is a "mixed question" of law and fact that is "primarily factual."  *Id.* at 225; *see also id.* at 222.

To satisfy the hardship standard, the noncitizen must show that the harm to his or her qualifying relatives is "substantially beyond that which ordinarily would be expected to result from the [noncitizen's] deportation."  *Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1006 (9th Cir. 2003) (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 59 (B.I.A. 2001)).  "[I]n evaluating hardship, the BIA considers 'the ages, health, and circumstances of qualifying' relatives."  *Id.* (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. at 63).  The BIA must "conduct an individualized [i]nquiry in each case [so] that each cancellation of removal application '[is] assessed and decided on its own facts.'"  *Arteaga-De Alvarez v.*

*Holder*, 704 F.3d 730, 740 (9th Cir. 2012) (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. at 63).

Showing "deferen[ce]" to the BIA, *Wilkinson*, 601 U.S. at 225, we conclude that the BIA reasonably determined that the hardship to Castaneda's two children and parents, while unfortunate, did not rise to the level of "exceptional and extremely unusual." Castaneda's children live with their respective mothers, and he does not financially support his parents. *See Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1013 (9th Cir. 2005) (finding no "exceptional and extremely unusual" hardship where the petitioner's children would be cared for by other family members).

2. Castaneda also argues that the BIA erred in rejecting his argument that the IJ violated his due process rights by not acting as an impartial factfinder and by predetermining the result of his case. We review de novo due process allegations arising out of immigration proceedings. *Benedicto v. Garland*, 12 F.4th 1049, 1058 (9th Cir. 2021).

A non-citizen's due process protections include the rights to a full and fair hearing and a neutral factfinder. *See Reyes-Melendez v. I.N.S.*, 342 F.3d 1001, 1006 (9th Cir. 2003). Here, the BIA properly determined that Castaneda has not established that the IJ violated his due process rights.

3. The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED**.